In re Anneliese A. SIMPSON, SSN 525–70–3065, Debtor.

Anneliese A. SIMPSON, Plaintiff,

v.

FIRST NATIONAL BANK IN CLAYTON, Defendant.

Bankruptcy No. 11–85–00300 MS. Adv. No. 85–0208 M.

United States Bankruptcy Court, D. New Mexico.

Jan. 9, 1986.

R. Thomas Dawe, Albuquerque, N.M., for defendant.

Stephen P. Curtis, Albuquerque, N.M., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARK B. McFEELEY, Bankruptcy Judge.

### FINDINGS OF FACT

1. The original Chapter 11 petition in this action was filed on March 8, 1985, and an order for relief was granted on that date. Since that date, the debtor has been operating under Chapter 11 of the Bankruptcy Code as debtor-in-possession.

2. First National Bank in Clayton ("Bank") is a national banking association with its principal place of business in Clayton, New Mexico.

3. The debtor is a resident of the County of Rio Arriba, State of New Mexico, and has been a resident of that county during the period of time which is relevant to this action.

4. On or about December 8, 1984, the debtor entered into a loan agreement with the Bank.

5. The Bank disbursed $30,000.00 to the debtor on or about December 8, 1984.

6. To secure payment of the promissory note, debtor assigned its seller's interest in five real estate contracts to the Bank.

7. All the real estate subject to these contracts is in Rio Arriba County.

8. The debtor prepared and signed assignments of the five real estate contracts, but these assignment were not notarized.

9. The assignments were never delivered to the Bank.

10. The five assignments were never filed with the Clerk of Rio Arriba County.

11. The debtor did not execute a financing statement in connection with the assignment of the five real estate contracts.

12. No financing statement covering the five real estate contracts was ever filed with the Clerk of Rio Arriba County.

13. The real estate contracts have outstanding balances upon which the purchasers are paying, and the debtor may use or sell the real estate contracts and the payments being made thereon.

14. The purchasers under the five real estate contracts have made payments to the Bank for or on account of the debt owed to the Bank while the debtor was insolvent within 90 days before the date of the filing of the petition.

15. The Bank received payments in the amount of $14,527.64 from the real estate contracts.

16. The Bank alleges that the real estate contract assignments are "instruments" under N.M.S.A. 55–9–105(1)(g) and perfected by possession. N.M.S.A. 55–9–305.

## CONCLUSIONS OF LAW

■ 1. The Court, after having heard the arguments of counsel, finds that the real estate contract assignments are "general intangibles" under N.M.S.A. 55–9–106 and perfected by filing.

■ 2. The debtor, with the Trustee's rights (11 U.S.C. § 1107) may avoid the unperfected security interest. (11 U.S.C. § 554(b)).

■ 3. The payments made to the Bank are interests of the debtor on account of an antecedent debt owed by the debtor before such transfer was made and made while the debtor was insolvent within 90 days of the filing of the petition and, therefore, are avoidable as preferences (11 U.S.C. § 547).

4. The payments made to the Bank are avoidable by the debtor and should be turned over to the debtor (11 U.S.C. § 542).

An appropriate order shall enter.